JOHN SMITH, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed Nov. 21, 1916.

Where hearsay testimony is brought out by the accused on cross-examination and it corroborates the admissions of the accused as testified to, it is not error to refuse a charge to disregard such hearsay testimony.

Writ of Error to Circuit Court, Walton County; A. G. Campbell, Judge.

Judgment affirmed.

*J. W. Kehoe,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The plaintiff in error was convicted of the statutory offense of fraudulently altering and changing the marks of animals, to-wit: two hogs, not his own, with intent to claim the same and to prevent identification by the true owner. Chap. 5663 Acts of 1907, Sec. 3335a Compiled Laws of 1914. On writ of error it

is contended that the court erred in refusing a requested instruction not to consider certain hearsay testimony, and in denying a motion for new trial on the ground that the evidence is insufficient to sustain the verdict.

There is positive testimony of two witnesses that the accused admitted he changed the marks as alleged. The hearsay testimony to which the requested instruction referred was of one witness that a stated person told witness "Smith held one and he marked it, and Smith marked the other," and the hearsay testimony of another witness that the same person "said he marked one of them according to John Smith's instructions and Smith marked the other one, but he did not see Smith mark it." This hearsay testimony was brought out by the accused on cross-examination and as it corroborated the admissions of the accused as testified to, it was not error to refuse the charge to exclude it.

There is substantial positive testimony as to the venue, and sufficient evidence to be a legal predicate for the verdict.

The judgment is affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.